NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1108
_____

UNITED STATES OF AMERICA

v.

SHALIEK STROMAN,
            Appellant

_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
(M.D. Pa. No. 3-14-cr-00270-003)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2016

_____

Before: JORDAN, GREENAWAY, JR., and RENDELL, *Circuit Judges*.

(Filed: February 1, 2017)

_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shaliek Stroman seeks review of his sentence. He claims that the sentence was both procedurally and substantively unreasonable. Since we find the sentence to be both procedurally and substantively reasonable, we will affirm the judgment of conviction.

## I. BACKGROUND

In 2013, agents from the Bureau of Alcohol, Tobacco, and Firearms and local police in Luzerne County, Pennsylvania commenced an investigation into the drug trafficking activities of co-defendant, Desmond Mercer. On May 7, 2014, in connection with the investigation, police officers in Kingston, Pennsylvania conducted a traffic stop on a vehicle driven by a cooperating witness. Police seized 146 packets of heroin, three cell phones, and $2,553 from Stroman, a passenger in the vehicle. On May 22, 2014 and August 13, 2014, Stroman sold heroin in two controlled purchases to a confidential informant. On October 22, 2014, agents arrested Stroman. At the time, he was in possession of 60 packets of heroin, a small bag of marijuana, and $898.

Stroman pled guilty to conspiring to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. Following Stroman's guilty plea, the Presentence Investigation Report ("PSR") calculated Stroman's total offense level at 29 and established his criminal history category at VI. Accordingly, the United States Sentencing Guidelines (the "Guidelines") imprisonment range was set at 151 to 188 months.

Stroman filed a motion seeking a downward departure pursuant to Guidelines § 4A1.3(b), alleging that the criminal history category resulting from the application of

the career offender Guideline substantially overrepresented the seriousness of his criminal history and the likelihood of recidivism. Additionally, Stroman filed a sentencing memorandum requesting that the Court grant a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). The Government opposed both motions.

At sentencing, the District Court expressed that the sentence "reflect[ed] full consideration of [the § 3553(a)] factors." App. 44. The Court considered "the necessity of deterrence, just punishment, promotion for respect of the law, protection of the public, assurance of correctional treatment for [Stroman], restitution to any victims where appropriate, . . . the nature and the seriousness of the offense, [Stroman's] history and characteristics, the kinds of sentence available[,] . . . the advisory sentencing ranges[,] and policies prescribed by our sentencing commission . . . ." App. 44. However, the salient factor for the Court was Stroman's criminal record. *See* App. 45 (observing that Stroman "repeatedly committed criminal offenses while on bail" and that "he's a recidivist and a career heroin dealer since 2005").

The Court ultimately sentenced Stroman to a within-Guidelines sentence of 151 months' imprisonment to be followed by a three-year term of supervised release, and a special assessment of $100. However, defense counsel did not object to the Court's failure to explicitly address proffered evidence of Stroman's work history, good character, and his efforts at post-indictment rehabilitation while released pending sentencing pursuant to 18 U.S.C. § 3553(a)(1). This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

When a defendant fails to preserve a procedural objection, we review the procedural reasonableness of a criminal sentence for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). "An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)). If there is no procedural error, we review the substantive reasonableness of the sentence and will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

## III. ANALYSIS

On appeal, Stroman claims his sentence was procedurally and substantively unreasonable because the District Court treated the Guidelines as mandatory and failed to give meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a).

### A. Stroman's Sentence Was Procedurally Reasonable

When imposing a sentence, courts must follow a three-step process. First, "[c]ourts must . . . calculate a defendant's Guidelines sentence precisely as they would have before [*United States v. Booker*, 543 U.S. 220 (2005)]." *United States v. Gunter*,

462 F.3d 237, 247 (3d Cir. 2006).  Second, courts "must 'formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.'" *Id.* (alterations in the original) (quoting *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006)).  Third, courts must "'exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors' . . . in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Id.* (alterations in the original) (quoting *King*, 454 F.3d at 194).  Under the third step, courts "must 'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *Flores-Mejia*, 759 F.3d at 256 (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012)).

We turn to Stroman's argument that the Court erred by treating the career offender Guidelines as mandatory.  Not only is this contention not supported by the record, the record demonstrates the opposite—the Court referred to the Guidelines as "*advisory* sentencing ranges." App. 44 (emphasis added).  Moreover, the District Court also considered the § 3553(a) factors and Stroman's arguments for a downward departure, before ultimately rejecting those arguments.  Accordingly, the Court did not commit

5

procedural error in this regard.[1]

## B. Stroman's Sentence Was Substantively Reasonable

We next consider the substantive reasonableness of the sentence. Our review of

the application of the § 3553(a) factors is "highly deferential." *United States v. Bungar*,

478 F.3d 540, 543 (3d Cir. 2007). At a minimum, "the district court must furnish an

explanation 'sufficient for us to see that the particular circumstances of the case have

been given meaningful consideration within the parameters of § 3553(a).'" *United States*

*v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010) (quoting *United States v. Levinson*, 543 F.3d

190, 196 (3d Cir. 2008)). However, "meaningful consideration" does not require the

court to "discuss a defendant's clearly nonmeritorious arguments, or otherwise 'discuss

and make findings as to each of the § 3553(a) factors if the record makes clear the court

took the factors into account in sentencing.'" *Bungar*, 478 F.3d at 543 (quoting *United*

*States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).

---

[1] Parenthetically, Stroman failed to raise at any juncture, including any time during his appeal, whether the District Court properly calculated the applicable Guidelines range. A careful review of the record demonstrates that the District Court never formally calculated the applicable Guidelines range. This is contrary to the first step of the three-step procedural requirement for imposing a sentence. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Nonetheless, the Court did note during the sentencing hearing that it had reviewed the PSR. During the hearing, the parties did not formally object to the calculation of the applicable Guidelines range within the PSR. And on appeal, Stroman makes no claim that the Court miscalculated the Guidelines range. In view of the parties' complete agreement in these matters, the District Court's failure to explicitly calculate the Guidelines range did not "affect[] the outcome of the District Court proceedings," thus, the error was not prejudicial. *See United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014) (en banc) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Although Stroman sought a downward variance from the sentencing range based on the § 3553(a) factors, the District Court properly considered these factors and explained its reasoning. The Court's decision to give Stroman a sentence at the lower end of the applicable Guidelines range further demonstrates the Court's meaningful consideration of the § 3553(a) factors. Thus, this sentence is not substantively unreasonable.

**IV.   CONCLUSION**

For the reasons above, we will affirm the District Court's judgment of conviction.